# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Lamontez A. Jones

March 17, 2011

Case No. CR10-2734

BY JUDGE EVERETT A. MARTIN, JR.

The defendant was arrested on December 23, 2009, for murder and use of a firearm in the commission of murder. He has been in jail since his arrest. Shortly after his arrest, Matthew Bowers, a reporter for *The Virginian-Pilot*, interviewed him in the jail. *The Virginian-Pilot* published a story about the interview on January 25, 2010, including a photograph of the defendant in leg irons and a gray and black striped jail uniform. The Commonwealth has issued a subpoena for Mr. Bowers to testify at the defendant's trial. The Commonwealth does not seek his notes. *The Virginian-Pilot* has filed a motion to quash. I deny the motion

Mr. Bowers questioned the defendant about the events on the day in question. This is not "information bearing on a remote and tenuous relationship to the subject of the investigation." *Branzburg v. Hayes*, 408 U.S. 665, 710 (1972). This is the essence of the case. Mr. Bowers's testimony would not disclose any confidential source.

The Supreme Court of Virginia recognized a limited journalistic privilege in *Brown v. Commonwealth*, 214 Va. 755, 204 S.E.2d 429 (1974):

> We believe that, as a news-gathering mechanism, a newsman's privilege of confidentiality of information and identity of his source is an important catalyst to the free flow of information guaranteed by the freedom of press clause of the First Amendment. Unknown at common law, it is a *privilege* related to the First Amendment and not a First Amendment *right*, absolute, universal, and paramount to all other rights.

214 Va. at 757, 204 S.E.2d at 431. The privilege does not apply here because there is no confidential information or source. There being no privilege, there is no need to apply any "balancing test," or to consider the availability of the information from some other source. There is information available from other sources; the defendant made a twenty-one page statement to the police and calls to 911. See letter of February 16, 2010, from Mr. West to Ms. Kmet. I do not know if the defendant told Mr. Bowers anything in addition to what he told the police. However, I am only concerned with the lawfulness of the subpoena, not the wisdom of issuing it.

*The Virginian-Pilot* has offered to stipulate Mr. Bowers's testimony. As the Commonwealth noted in its brief, it cannot force the defendant to so stipulate. The newspaper also notes that the Commonwealth has the article. That is true, and, although I am sure Mr. Bowers and his editors take pains to be accurate, his recitation of the defendant's statements in the story would be hearsay at trial were the Commonwealth to try to admit the story into evidence. See *Riner v. Commonwealth*, 268 Va. 296, 324, 601 S.E.2d 555, 571 (2004).

Having been a judge of this Court for sixteen years and having presided over motions, guilty pleas, and trials in thousands of felony cases, this is the first instance I am aware of in which the Norfolk Commonwealth's Attorney's Office has issued a subpoena to a reporter to testify in a criminal trial. The statement in the newspaper's opening brief that "the Commonwealth seeks to annex Mr. Bowers as its investigative arm" is hyperbole. In the absence of privilege, a reporter has the same duty to give evidence in court as any other citizen.